UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X
                                      :
UNITED STATES OF AMERICA              :
                                      :    CONSENT PRELIMINARY
         - v. -                       :    ORDER OF FORFEITURE/
                                      :    MONEY JUDGMENT
VINOTH PONMARAN,                      :
    a/k/a "Victor"                    :    S6 19 Cr. 667 (VSB)
    a/k/a "Victor James,"             :
    a/k/a "Ponmaran Vinoth,"          :
                                      :
                         Defendant.   :
------------------------------------- X

      WHEREAS, on or about March 15, 2024, VINOTH PONMARAN (the "Defendant"), was charged in a Superseding Information S6 19 Cr. 667 (VSB) (the "Information"), with conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 371 (Count One); and conspiracy to intentionally damage a protected computer, in violation of Title 18, United States Code, Section 371 (Count Two);

      WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, of any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offense charged in Count One of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Information;

      WHEREAS, the Information included a forfeiture allegation as to Count Two of the Information, seeking forfeiture to the United States, (i) pursuant to Title 18, United States Code, Section 982(a)(2)(B), of any property constituting or derived from proceeds obtained, directly or indirectly, as a result of the offense charged in Count Two of the Information; and

(ii) pursuant to Title 18, United States Code, Section 1030(i), of any and all personal property that was used or intended to be used to commit or to facilitate the commission of the offense charged in Count Two of the Information, and any property, real or personal, constituting or derived from any proceeds the Defendant obtained, directly or indirectly, as a result of the offense charged in Count Two of the Information;

WHEREAS, on or about March 15, 2024, the Defendant pled guilty to Counts One and Two of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2)(B), and 1030(i), and Title 28, United States Code, Section 2461(c), a sum of money equal to **$6,110,884.51** in United States currency, representing the proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of **$6,110,884.51** in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable, in part, with: (i) co-defendant Romana Leyva ("Leyva") for $718,377.68 in United States currency; and (ii) co-defendant Ariful Haque ("Haque") for $38,886.32 in United States currency (*i.e.*, in total, the Defendant is jointly and severally liable for $757,264.00 out of his total forfeiture obligation of $6,110,884.51); and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One and Two of the

Information that the Defendant personally obtained, cannot be located upon the exercise of due diligence;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Michael D. Neff, of counsel, and the Defendant and his counsel, Nola B. Heller, Esq., that:

1. As a result of the offenses charged in Counts One and Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of **$6,110,884.51** in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One and Two of the Information that the Defendant personally obtained, for which the Defendant is jointly and severally liable, in part, with: (i) Leyva for $718,377.68 in United States currency; and (ii) Haque for $38,886.32 in United States currency, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to Defendant VINOTH PONMARAN, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Department of Treasury, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. Upon entry of this Consent Preliminary Order of Forfeiture/Money Judgment, and pursuant to Title 21, United States Code Section 853, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties and Forfeitures, shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: *Michael D. Neff*            3/8/2024
    Michael D. Neff                          DATE
    Assistant United States Attorney
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2107

VINOTH PONMARAN

By: _____     3/15/24
    VINOTH PONMARAN             DATE

By: _____     3/15/24
    Nola B. Heller, Esq.                DATE
    *Attorney for Defendant VINOTH PONMARAN*
    Milbank LLP
    55 Hudson Yards
    New York, NY 10001
    (212) 530-5108

SO ORDERED:

_____     3/15/24
THE HONORABLE VERNON S. BRODERICK    DATE
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK